UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERMAINE STEWART, ET AL | CIVIL ACTION |
| VERSUS | NO. 10-4016 & consol. cases<br>Pertains to: 11-235, 11-250 &<br>11-1764 |
| LESTER J. PLAISANCE, INC. ET AL | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by Global Oilfield Contractors, L.L.C. ("Global"). Rec. Doc. 143. Having considered the record, the memoranda of counsel and the law, the Court partially grants and partially denies the motion for the following reasons.

The underlying accident in these consolidated cases involves an allision involving LA 3683-AJ, a/k/a M/V LIL' JEFF with a barge following an alleged throttle malfunction on August 7, 2010. The undisputed facts indicate that Lester J. Plaisance, Inc. ("Plaisance") owned the vessel, entered into a bareboat charter agreement with Global on or about June 18, 2010 and that at some undetermined time thereafter, Global in turn sub-chartered the vessel in another bareboat charter agreement to Grand Isle Shipyard, Inc., ("GIS"). Three men, Jermaine Stewart, Gary Smith, and Dwayne Vessel,

were aboard the vessel and allegedly injured in the allision. They filed claims for negligence and unseaworthiness under the Jones Act and general maritime law against Plaisance, Global and GIS. Plaisance and Global filed petitions for limitation of liability.

In this motion, Global seeks summary judgment based on two arguments. First it argues that it is not liable for unseaworthiness because it did not have operational control at the time the allegedly unseaworthy condition was created or when the accident occurred. Rec. Doc. 143 at 6. Global further argues that it is not responsible for operational negligence of the vessel, and that it can not be sued under the Jones Act or for maintenance and cure because it did not employ any of the individual claimants. Rec. Doc. 143 at 8-10.

The individual claimants oppose the motion based on their allegation that Global knew or should have known that the throttle on the vessel was defective and in need of repair prior to "commencing operations." Rec. Doc. 149 at 2. They focus on Global's omission of the date of the subcharter to GIS, and provide evidence that on July 18, 2010, approximately three weeks prior to the accident, the vessel was""full service needed." Rec. Doc. 149-2, Exh. A. In addition, the claimants provide evidence that the vessel's throttle light was illuminated prior to the accident and that the broken throttle caused the allision. Rec. Doc. 149-2 - 4, Exh. B. The Court construes the opposition filed by the personal injury claimants to pose no opposition to the motion as it pertains

2

to Jones Act status and entitlement to maintenance and cure.

In reply, Global argues that the only material fact is that the vessel was subchartered and operational control was transferred prior to the accident. Rec. Doc. 155. The Court agrees that the discovery to date indicates that operational control was, in fact, transferred to GIS at an undetermined time prior to the accident, but will not determine this issue until discovery is complete in the event the discovery of the exact date is contrary to this sequence or becomes material.

More importantly, however, is the timing issue pertaining to Global's alleged knowledge of the allegedly defective throttle. Even if Global was not in operational control of the vessel at the time of the accident, it acknowledges that liability may derive from its involvement at the time the condition was created or in the event that condition was not "brought into play by the negligence of the sub-demisee." *Hamilton v. Canal Barge Co., Inc.*, 395 F.Supp. 978, 989 (E.D.La. 1975). See also *George v. Cal-Dive International, Inc.*, 2010 WL 2696876 (E.D.La. 2010); Rec. Doc. 143 at 6. Global appears to assume that operational negligence is the only issue and does not address the issue surrounding the allegedly defective throttle.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Global Oilfield Contractors, L.L.C. is PARTIALLY GRANTED as to the Jones Act and maintenance and

3

cure claims and PARTIALLY DENIED as to the unseaworthiness and negligence claims. Rec. Doc. 143.

New Orleans, Louisiana, this 27th day of February, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE