UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERMAINE STEWART, ET AL           CIVIL ACTION

VERSUS                             NO. 10-4016 & consol. cases
                                   Pertains to: all cases

LESTER J. PLAISANCE, INC. ET AL    SECTION "C" (2)


ORDER AND REASONS

This matter comes before the Court on second motion for summary judgment filed by Global Oilfield Contractors, L.L.C. ("Global") and motion to dismiss and/or for summary judgment filed by Lester J. Plaisance, Inc. ("Plaisance"). Rec. Docs. 162, 178. After initial review, the Court ordered supplemental memoranda addressed to the issues concerning the identity and/or name of the vessel allegedly involved in the accident. Rec. Doc. 199. Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The underlying accident in these consolidated cases is an August 7, 2010, allision between a barge and a vessel, alternatively identified as M/V LIL JEFF, LA-3683-AJ and BEAGLE, following an alleged throttle malfunction on August 7, 2010. The undisputed facts indicate that Lester J. Plaisance, Inc. does not own a vessel named M/V LIL JEFF, but does own a vessel LA 3683-AJ, Official Number LAZ12799B972, which was bareboat

chartered to Global by charter party dated June 15, 2010, and that Global in turn sub-chartered a vessel identified as LA-3683-AJ and BEAGLE, Official Number 058144-1, in another bareboat charter agreement to Grand Isle Shipyard, Inc., ("GIS") dated July 9, 2010. Rec. Docs. 66-3, 66-4. Two GIS employees, Jermaine Stewart ("Stewart") and Gary Smith ("Smith"), along with a American Pollution Control Corporation ("Ampol") employee, Dwayne Vessel ("Vessel"), were allegedly injured in the allision. They filed claims for negligence and unseaworthiness under the Jones Act and general maritime law against defendants that included Plaisance and Global. Plaisance and Global filed petitions for limitation of liability. The Jones Act and maintenance and cure claims against Global were dismissed on summary judgment based on the lack of an employment relationship. Rec. Doc. 158.

In its second motion for summary judgment, Global argues that the claimants can not "identify any specific conduct that would serve as the basis for the imposition of liability upon Global under the general maritime law" concerning the allegedly defective throttle. Rec. Doc 162-2 at 2. They present affirmative proof that there was no reported problem with the vessel LA 3683-AJ at the time it was delivered to Global by Plaisance, that no defects in the throttle was observed by the Ampol mobile mechanic a month after delivery to GIS and prior to the accident, and that there is no evidence of control by Global over either GIS or Ampol operations or the vessel at the time of the accident.

In conjunction with its motion for summary judgment, Plaisance presents evidence that it never experienced any problems with the motor, throttle, steering or hull of its vessel LA 3683-AJ either before or even shortly after the accident, that it never owned or operated a vessel named the M/V LIL JEFF, that the plaintiff presents no evidence that anything was defective with the LA 3683-AJ, that the LA 3683-AJ does not have an engine throttle light identified by one of the claimants in deposition, and that the evidence establishes that the claimants have filed suit against the wrong vessel.  Rec. Doc. 178-1.  Plaisance further argues that there is no proof that a defective condition existed at the commencement of the bareboat charter between Plaisance and Global, but only evidence that it was in good working order, that Plaisance was not responsible for mechanical problems that arose thereafter, and that the negligence of other parties is an intervening an superseding cause.  In addition, Plaisance argues that it has not employment relationship with any claimant that could support a Jones Act claim and that the undisputed facts warrant a finding that no Plaisance employee had the knowledge requisite for a limitation of liability.  *Id.*

The claimants' response to these two motions is largely similar and lacking in specifics.  With regard to Global, they argue that summary judgment is inappropriate because "the exact date of transfer of the subject defective vessel is still not determined, and apparently cannot be determined due to lack of documentation by the defendant-

3

mover," and that "there remains an issue of material fact as to when and whether the subject defected [sic] was caused or created, even if Global was not in 'operational control' of the vessel at the time of the accident." Rec. Doc. 164 at 3.

Even more problematic is the claimants' argument that the affidavit of claimant Vessel alone defeats summary judgment on the issue of whether the LA 3683-AJ was also known as M/V LIL JEFF and owned by Plaisance. Rec. Doc. 181 at 3. No showing is made that Vessel had personal knowledge of the ownership of the vessel, regardless of its name. More importantly, the Court's reading of the deposition testimony of the mechanic, supported by her paperwork, is contrary to the claimants'. She testified that the throttle on the M/V LIL JEFF was not defective when she inspected it prior to the accident. In fact, on the day before the accident, the mechanic identified a throttle deterioration problems on a unnamed "Scully" boat "jokingly" called CAPTAIN MORGAN and that the M/V LIL JEFF was not at the site of the allision on the relevant date. Rec. Doc. 178-5 at 46-58.

The identity of the vessel is at issue and precludes summary judgment. It is undisputed that, according to the charter agreements, Plaisance chartered the LA 3683-AJ, Official Number LAZ12799B972, to Global. Global chartered a vessel identified as LA-3683 and BEAGLE, with and Official Number of 058144-13. Rec. Docs. 66-3; 66-4. The deposition testimony of the mobile mechanic and the alleged lack of a warning light

4

on at least one of the named vessels adds to the confusion, which is actually compounded by the parties' supplemental memoranda addressed to the issue of identity. The Court finds that a genuine issue of material fact as to the identity and/or ownership remains for trial under the circumstances. As a result, the Court finds that the arguments of both movers that there is no evidence as to their fault after the alleged delivery dates of the vessel can not be meaningfully addressed on motion.

However, the claimants do not address the merits of Plaisance's argument that an employment contract did not exist with any claimant and that one is required for a Jones Act claim, mandating summary judgment on the Jones Act claim in favor of Plaisance.

Accordingly,

IT IS ORDERED that the second motion for summary judgment filed by Global Oilfield Contractors, L.L.C. is DENIED. Rec. Doc. 162.

IT IS FURTHER ORDERED that the motion to dismiss and/or for summary judgment filed by Lester J. Plaisance, Inc. is GRANTED IN PART AND DENIED IN PART. Rec. Doc. 178.

New Orleans, Louisiana, this 30th day of January, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE